156    APPELLATE COURTS OF ILLINOIS.

Hopple v. E. I. DuPont DeNemours Powder Co., 194 Ill. App. 156.

## H. J. Hopple, Appellant, v. E. I. DuPont DeNemours Powder Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Lawrence county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action in assumpsit by H. J. Hopple against E. I. DuPont DeNemours Powder Company to recover for work and labor performed in cleaning out an oil well after it had been shot by the defendant. From a judgment in favor of the defendant, the plaintiff appeals.

The evidence showed that the plaintiff, the president of the Morrison Oil Company, was employed by it to drill and deepen an oil well; that after the well was down from 1,625 to 1,675 feet, oil was found, and defendant was employed to shoot it, and in doing so put in a shot consisting of 120 quarts of nitro glycerine in six tin containers, each seven feet and two inches long. On the bottom of the first shell was placed an anchor twelve inches in length, so that the six containers, when placed in order, extended a distance of forty-four feet from the bottom of the well; that when the shot was discharged there was a noise in the well and the casing jumped five or six inches; that after this the casing was pulled up and found to have been shot off about ninety-two feet above the bottom of the well, or forty-nine feet from the top of the shot.

Plaintiff claimed that he refused to clean out the well until ordered to do so; that the next day one Meeker, defendant's agent, examined the pipe and considered the question of cleaning out the well, and said to an employee of plaintiff in charge of his tools at the well: "The job is on us, go ahead and do as Mr.

Hopple says, as he knows more about it than I do,'' which was communicated to plaintiff, who then put his men to work cleaning out the well, and that they were employed in the work some twenty-four days. There was also evidence tending to show that Meeker told persons on different occasions that he had employed plaintiff to clean out the well.

Mr. Meeker and others on the part of defendant denied these statements, and it was shown by the testimony of defendant's witnesses that plaintiff presented a bill for services on the well to defendant in February, 1912, which was not paid; that afterwards on March 7, 1912, plaintiff met defendant's general manager and Meeker, and had a conversation about the well and the bill rendered by plaintiff to defendant; that in the course of such conversation it was agreed that when the weather became warmer, plaintiff should go ahead with the work of cleaning out the well, and if it should be ascertained that the shot put up in the well by defendant had been exploded, that the defendant should owe nothing to plaintiff for his work; but if, on the contrary, it was found that the shot had not been exploded, defendant would settle with plaintiff for cleaning out the well; and it was further agreed that when work was resumed on the well, defendant should be notified, and that one of its employees could be present during the continuance thereof. Subsequently the work on the well was resumed, defendant notified and an employee was sent to represent it at the well. After some work had been done however, and before the well was sufficiently cleared out for it to be determined whether or not the shot had been exploded, plaintiff abandoned the work without the knowledge of defendant and brought this suit.

S. J. GEE, for appellant.

McGAUGHEY & TOHILL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence not disturbed*. A verdict for the defendant in an action for cleaning out an oil well after it had been shot will not be disturbed on appeal when depending on conflicting evidence as to the existence of an agreement for compensation.

2. EVIDENCE, § 101*—*when evidence rendered admissible by admission of other testimony*. In an action to recover for cleaning out an oil well after the alleged failure of the defendant to shoot it, the latter may introduce evidence as to the manner of shooting wells, and also as to whether the well was in fact shot, where the plaintiff gave evidence tending to show that it was not.

3. EVIDENCE, § 101*—*when evidence rendered admissible by admission of other testimony*. Where the plaintiff, in an action to recover for cleaning out an oil well under an alleged contract with the defendant, introduced testimony to show that the latter's agent made an appointment with him to settle the matter, the defendant may show that the purpose of the meeting was to settle an account due the latter from a corporation of which the plaintiff was president.

4. INSTRUCTIONS, § 120*—*refusal of instructions not based on evidence*. A requested instruction as to the binding force of a custom was properly refused where there was no proof of the existence of a custom.

5. INSTRUCTIONS, § 120*—*refusal of instructions not based on evidence*. A requested instruction in general terms was properly refused when not applicable to the facts proven.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.